## United States District Court, Northern District of Illinois

*M HN*

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | 8/19/2008 |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6307 | **DATE** | |
| **CASE TITLE** | Derrick Hicks (R-28626)  v. Karlos, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for appointment of counsel [34] is denied without prejudice.

■ [For further details see text below.]                                  Docketing to mail notices.

---

### STATEMENT

Plaintiff, an inmate in the custody of Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, correctional officers at Cook County Jail, failed to protect him from being assaulted by other inmates.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. First, Plaintiff has failed to show that he has made reasonable efforts to retain private counsel nor that he has been effectively precluded from making such efforts. *See Gil*, 381 F.3d at 656. Plaintiff attached a letter from Uptown People's Law Center that he received in response to his request for counsel. Uptown People's Law Center did not deny Plaintiff's request for counsel but seeks additional information from Plaintiff to enable Uptown People's Law Center to make a determination of whether Plaintiff should be referred to a firm for counsel. Thus, representation through Uptown People's Law Center is not foreclosed. In any event, although Plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

*Martin C. Ashman*

JJD