

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DERRICK HICKS,** | ) |
| Plaintiff, | ) Case No. 07 C 6307 |
| v. | ) Magistrate Judge |
| | ) Martin C. Ashman |
| **OFFICER KARLOS, #8787** and **SUPERINTENDENT PLAXICO,** | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff, Derrick Hicks, filed suit, *pro se*, against Defendants, Correctional Officer Karlos and Superintendent Plaxico, alleging a violation of his constitutional rights under 42 U.S.C. § 1983, following an assault on Plaintiff by other inmates while he was incarcerated at Cook County Jail. Presently pending before the Court is Defendants' motion for summary judgment. For the reasons stated in this order, the motion for summary judgment is granted.

### I. Legal Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, by specific factual allegations, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. Although *pro se* plaintiffs are entitled to lenient standards, they must comply with procedural rules. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Plaintiff did not file a response to Defendants' Rule 56.1(a) Statement of Material Facts as required by Rule 56.1(b)(3)(A). Accordingly, these statements are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## II. Undisputed Facts

On January 21, 2007, Plaintiff was a pretrial detainee at Cook County Jail. (Defs.' 56.1(a)(3) Statement ¶ 10.) On that day, Plaintiff, along with thirty to thirty-five other inmates, was in the day room watching the Super Bowl. Suddenly, a fight broke out among numerous other detainees. (*Id.*, ¶¶ 11-12.) At the time the fight broke out, Plaintiff was sitting down, and he tried to get out of the way when he got hit with milk crates and trays. (*Id.*, ¶ 15.) Plaintiff was hit in the head, chest, and other parts of his body two times, and then he blacked-out for approximately one minute. (*Id.*, ¶¶ 17-18.) Plaintiff does not know who hit him. (*Id.*, ¶ 16.) After Plaintiff regained consciousness, he went to the tier "bubble" and asked to be taken off the tier. (*Id.*, ¶¶ 22-23.)

Officer Karlos observed the fight break out among two inmates and quickly escalate to an "all available." (Defs.' 56.1(a)(3) Statement ¶¶ -13-14.) Officer Karlos was by himself and waited until back-up arrived to help gain control over the situation. (*Id.*, ¶ 19.) Officer Karlos did not attempt to intercede by himself because the number of detainees involved in the fight threatened his safety. (*Id.*, ¶ 21.) The Division Ten staff attempted to enter the tier to control the situation, but the detainees' non-compliance forced them to retreat. (*Id.*, ¶ 20.)

It took approximately seven to eight minutes before additional officers arrived to help gain control of the situation. (Defs.' 56.1(a)(3) Statement ¶ 25.) A total of twenty-eight officers from several other divisions were needed to restore order in the day room. (*Id.*, ¶ 26.) Plaintiff received medical treatment the same day as the incident and follow-up treatment a week later. (*Id.*, ¶ 31.)

Superintendent Plaxico was not in the area when the fight occurred, and Plaintiff never saw him during the incident. (Defs.' 56.1(a)(3) Statement ¶¶ 27-28.)

### III. Analysis

To succeed on his Section 1983 claim against Defendants in their individual capacities, Plaintiff must demonstrate that Defendants were personally involved in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Liability cannot lie based on a defendant's supervisory role on the date of the incident. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

Because Plaintiff is a pretrial detainee the Court analyzes his claim that Defendants failed to protect him from harm under the Due Process Clause of the Fourteenth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008). Prison officials have a duty to protect prisoners from violence by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson*, 538 F.3d at 775; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a prison official's failure to protect an inmate, a plaintiff must demonstrate that (1) the conditions of his confinement posed a substantial risk of harm, and that (2) a prison official was deliberately indifferent to that risk. *See Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. The prison official's mere negligent or inadvertent conduct is not sufficient. Instead, the prison official must have subjective knowledge of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Grieveson*, 538 F.3d at 775; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

The first prong of a failure to protect claim -- the objective prong -- requires a plaintiff to show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown v.*

*Budz*, 398 F.3d 904, 911 (7th Cir. 2005). To satisfy this prong, a plaintiff must demonstrate not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that serious harm might actually occur. *See Brown*, 398 F.3d at 911. "When [Seventh Circuit's] cases speak of a 'substantial risk' that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known 'propensities' of violence toward a particular individual or class of individuals; to 'highly probable' attacks; and to particular detainees who pose a 'heightened risk of assault to the plaintiff.'" *Brown*, 398 F.3d at 911. This general definition of "substantial risk" includes "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911.

Plaintiff has not demonstrated an objective, substantial risk of harm. Plaintiff describes the incident as a sudden fight between inmates in the day room. Plaintiff appears to argue that the risk of harm should be inferred because Officer Karlos allowed and/or placed the milk crates on the tier that were used during the fight and caused Plaintiff's injuries. The mere presence of the milk crates does not, however, create an inference that a substantial risk of harm was obvious. Plaintiff further "argues" that he and other inmates "inform[ed] Officer Karlos about the milk crates he kept bringing on the tier numerous times." Plaintiff does not support this statement with any evidence. Furthermore, the statement does not create the inference that a substantial risk of harm was obvious. Virtually anything can be used as a weapon in the prison environment, and milk crates do not amount to a risk so obvious their potential danger can be inferred. The mere presence of suspicious characters in a plaintiff's environment alone is not enough to create an objectively serious risk of harm. Regrettably, "'[p]risoners are dangerous (that's why many are confined in the first place). . . . Some level of brutality and sexual aggression among them is inevitable no matter what the guards

do.'" *Birch v. Jones*, No 02 C 2094, 2003 WL 21210107, at *3 (N.D. Ill. May 21, 2003) (quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991)). "An unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002).

Even assuming, without finding, that Plaintiff faced an objectively significant risk of harm, he cannot attribute knowledge of that risk to either Defendant. In order to satisfy the subjective prong of a failure to protect claim, a plaintiff must show that the defendant acted with deliberate indifference to the substantial risk of harm. *See Farmer*, 511 U.S. at 838; *Brown*, 398 F.3d at 913. The subjective prong has two subparts: (a) knowledge of the risk and (b) disregard of that risk. *See Brown*, 398 F.3d at 913, 916. A defendant's knowledge of a substantial risk of harm can be demonstrated by showing that the inmate complained to prison officials about a specific threat to his safety or by inference because the risk of harm was obvious. *See Grieveson*, 538 F.3d at 775; *James v. Milwaukee County*, 956 F.2d 696, 700 (7th Cir. 1992).

Plaintiff has not demonstrated either that Defendants knew of a substantial risk of serious harm to Plaintiff, or that Plaintiff informed Defendants of such a risk. Plaintiff concedes that he did not inform anyone that he felt threatened by individuals on his tier and that the incident was a sudden fight between inmates.

Moreover, the record does not support an inference that Defendants knew of the risk of harm because the risk was so obvious. As discussed above, Plaintiff has not established an obvious substantial risk of harm to Plaintiff simply because milk crates were on the tier. Based on the undisputed summary judgment evidence, no reasonable jury could find that Defendants acted with deliberate indifference to Plaintiff's safety.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment. The Court directs the Clerk to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 56. The case is terminated.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: May 13, 2009.